UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re ) Case No. 14-13417-A-7
)
**DIMAS COELHO AND ROSA COELHO,** )
)
          Debtor. )
)
_____ )
)
Dimas Coelho and Rosa Coelho, )
) Adv. Proceeding No. 23-1022-A
          Plaintiffs, )
)
v. )
)
Nationstar Mortgage, LLC d/b/a )
Mr. Cooper, )
)
          Defendant. )
)
_____ )

**SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16, as incorporated by Federal Rule of Bankruptcy Procedure 7016, and based on the parties' representations at a status conference held on July 27, 2023, the following schedule shall be followed in this adversary proceeding:

| | |
|---|---|
| Deadline for FRCP 26(a)(1)(A) disclosures: | August 10, 2023 |
| Close of fact discovery: | November 15, 2023 |
| Deadline for hearing dispositive motions: | February 1, 2024 |

1

| | |
|---|---|
| Plaintiff's pre-trial statement: | February 15, 2024 |
| Defendant's pre-trial statement: | February 22, 2024 |
| Pre-trial conference: | February 29, 2024 at 11:00 a.m., in the Fresno hearing location. Subject to further order of the court. |

## DISCOVERY

Discovery in this proceeding must be completed by the dates set forth above. The word "completed" means that all discovery must have been conducted so that all depositions have been taken, interrogatories answered, documents produced, admissions made, and any disputes relative to discovery must have been raised by appropriate timely motion.

## DISCOVERY DISPUTES

Discovery disputes may be raised pursuant to Federal Rules of Civil Procedure 26 and 37, as incorporated by Federal Rules of Bankruptcy Procedure 7026 and 7037. The court emphasizes the duty imposed by Federal Rule of Civil Procedure 37(a)(1) to certify good faith efforts to resolve the dispute without court action.

If a party files a motion presenting a discovery dispute, evidence from both parties of their fees and expenses incurred in preparation of the motion must be presented so the court may make an expense award contemporaneously with its ruling on the discovery motion, as contemplated by, e.g., Federal Rule of

Civil Procedure 37(a)(5). The parties are reminded that the court regards the expense award provisions of Rule 37 as costs of doing business in the discovery dispute arena and not as "sanctions." <u>Polo Bldg. Group, Inc. v. Rakita (In re Shubov)</u>, 253 B.R. 540, 549-50 (B.A.P. 9th Cir. 2000).

## PRE-TRIAL CONFERENCE

A pre-trial conference will be held on the date set forth above in Department A, Courtroom 11, Fifth Floor, U.S. Courthouse, 2500 Tulare Street, Fresno, California. Unless otherwise ordered, telephonic appearances shall not be permitted. Counsel are cautioned that counsel appearing for the pre-trial conference must be the trial counsel. "Appearance counsel" does not satisfy this requirement.

## PRE-TRIAL STATEMENTS

Pre-trial statements must be filed and served on the dates set forth above. Plaintiff and defendant must file a final, joint statement of undisputed facts (which may merely adopt the undisputed facts listed in the pre-trial statements) at least seven calendar days prior to the scheduled pre-trial conference.

Each pre-trial statement must state the name of the party or parties on whose behalf it is presented and set forth the nature of the action and the following matters, under the following captions, and in the following order:

(1) <u>Jurisdiction</u>. A statement of the basis for jurisdiction and, to the extent that it is ever determined to be other than a core proceeding that a bankruptcy judge may hear

and determine, whether the party consents that it may be heard and determined by a bankruptcy judge.

(2) <u>Undisputed Facts</u>. A plain, concise statement of the facts that are undisputed.

(3) <u>Disputed Factual Issues</u>. A plain, concise statement of each fact (and any related essential facts) that the party claims or concedes to be in dispute.

(4) <u>Disputed Evidentiary Issues</u>. A plain, concise summary of any reasonably anticipated disputes concerning admissibility of evidence.

(5) <u>Relief Sought</u>. The elements of monetary damage, if any, and the specific nature of any other relief sought.

(6) <u>Points of Law</u>. A statement of the legal theory or theories of recovery or of defense and of any points of law (substantive or procedural) that are or may reasonably be expected to be in controversy, citing the pertinent statutes, rules, cases, and other authorities relied upon. Extended legal argument is not required in the pre-trial statement.

(7) <u>Abandoned Issues</u>. A statement of all issues raised by the pleadings that have been abandoned, including, for example, claims for relief and defenses.

(8) <u>Witnesses</u>. A list of names, and, if not previously provided, addresses and telephone numbers of all prospective witnesses, separately identifying those the party expects to present and those it may call if the need arises. Only witnesses so listed will be permitted to testify at trial (note that the court construes the "solely for impeachment" exception to Federal Rule of Civil Procedure 26(a)(3)(A), <u>incorporated by</u>

Federal Rule of Bankruptcy Procedure 7026, narrowly; when in doubt, disclose -- you are warned). The party shall indicate whether the party consents to the use at trial of the alternate direct testimony procedure under Local Bankruptcy Rule 9017-1, which requires direct testimony of each witness (excluding hostile or adverse witnesses) called on behalf of a party's case to be in writing and the witness subjected to live cross-examination.

(9) <u>Exhibits - Schedules and Summaries</u>. A list of documents or other exhibits that the party expects to offer at trial. Only exhibits so listed will be permitted to be offered at trial, except as may be otherwise provided in the pre-trial order.

(10) <u>Discovery Documents</u>. A list of all depositions, answers to interrogatories, and responses to requests for admissions that the party expects to offer at trial.

(11) <u>Further Discovery or Motions</u>. Any requests for further discovery or pre-trial motions shall set forth the grounds for relief from this court's order setting a termination date for discovery in advance of the pre-trial conference. Motions for relief from this order are not likely to be granted absent a strong showing of cause.

(12) <u>Stipulations</u>. Any stipulations requested or offered for pre-trial or trial purposes.

(13) <u>Amendments - Dismissals</u>. Any requested amendments to pleadings, dismissals, additions, or substitutions of parties.

//

//

(14) <u>Agreed Statements</u>. A statement whether presentation of all or part of the action upon an Agreed Statement of Facts is feasible and advisable.

(15) <u>Attorney's Fees</u>. A statement whether attorney's fees are sought and the basis therefor.

(16) <u>Miscellaneous</u>. Any other appropriate comments, suggestions, or information that might aid in the disposition of the action, including reference to any matters set forth in Federal Rule of Civil Procedure 16, as incorporated by Federal Rule of Bankruptcy Procedure 7016.

ALTERNATE DISPUTE RESOLUTION

Should the parties wish to mediate this dispute using either the court's Resolution Advocates or other providers, the mediation process must be completed before the pre-trial conference. Dates in this Scheduling Order will not be changed to accommodate the mediation process.

JURY DEMANDS

If a party believes it is entitled of right to trial by jury on an issue in this proceeding, such party must have demanded trial by jury pursuant to the provisions of Federal Rules of Civil Procedure 38 and 81(c)(3), which apply in this proceeding by virtue of Federal Rule of Bankruptcy Procedure 9015. Such a demand must have been made in the manner, and within the time, specified at Federal Rules of Civil Procedure 38(b) and 81(c)(3).

## MODIFICATIONS

This scheduling order may be modified only with court approval by motion. All such motions will be considered upon a showing of good cause and, if the request for modification is occasioned by the need for additional time to complete discovery, due diligence. Fed. R. Civ. P. 16(b)(4), *incorporated by* Fed. R. Bankr. P. 7016, 9014(c).

## SANCTIONS

Failure to comply with this scheduling order may result in additional just orders including those authorized by Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A)(ii)-(vii), *incorporated by* Federal Rules of Bankruptcy Procedure 7016, 7037, 9014(c).

## TRIAL

The trial of this proceeding will be set at the pre-trial conference. It is anticipated that the trial will be held within two to six weeks from the date of the pre-trial conference.

Dated: July 27 2023

Honorable Jennifer E. Niemann
United States Bankruptcy Judge

**Instructions to Clerk of Court**
**Service List - Not Part of Order/Judgment**

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC or, if checked ___, via the U.S. mail.

Nancy D. Klepac
4905 N. West Ave. #102
Fresno CA 93705

Jared D. Bissell
11682 El Camino Real, Suite 400
San Diego CA 92130

Andrea McDonald Hicks
5 Park Plz, Suite 1400
Irvine CA 92614-2545

Office of the U.S. Trustee
United States Courthouse
2500 Tulare Street, Room 1401
Fresno CA 93721